UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANGELA GALAN,

                        Plaintiff,

        – against –

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.

**OPINION & ORDER**

20-cv-9096 (ER) (JLC)

RAMOS, D.J.:

      Angela Galan, represented by Howard D. Olinsky, commenced this action against the Commissioner of Social Security ("the Commissioner"), pursuant to 42 U.S.C. § 405(g), to review the denial of Galan's application for disability benefits. Doc. 1. Before the Court is Galan's motion for attorney's fees pursuant to 42 U.S.C. § 406(b). Doc. 36. For the reasons set forth below, the motion is GRANTED.

## I.    BACKGROUND

      Galan applied for Social Security Disability benefits and Supplemental Security Income benefits on November 12, 2018. Doc. 13 at 91. Galan's disability included impairments to the neck, back, and both hips. *Id.* The Social Security Administration determined she was not disabled and denied her claim initially on February 5, 2019, and upon reconsideration on May 17, 2019. Doc. 13 at 17, 87. Galan requested a hearing before an administrative law judge ("ALJ"). Doc. 1-1.

      Following a hearing on November 5, 2019, ALJ Vincent M. Cascio held that Galan was not disabled in a decision dated November 20, 2019. Doc. 1 ¶ 6; *see also* Doc. 13 at 27. Galan requested that the Appeals Council of the Social Security Administration review ALJ Cascio's decision, but the Appeals Council declined to conduct that review on August 27, 2020. Doc. 13 at 5.

Galan retained Olinsky under a contingency fee agreement to appeal the Social Security Administration's final decision that she was not disabled. Doc. 37-1 at 2. The agreement provided that Olinsky's fee would be 25% of the past due benefits awarded to Galan. Doc. 37 ¶ 3.

The instant case was filed on October 29, 2020. Doc. 1. Galan moved for judgment on the pleadings on October 19, 2021. Doc. 16. The parties stipulated and agreed to remand the case to the Commissioner for a new hearing and decision, which the Court approved on March 30, 2022. Doc. 27. Additionally, on June 30, 2022, the parties stipulated that Galan would be awarded $4,977 in attorney's fees and $400 in costs in full satisfaction of any and all claims for attorney's fees under the Equal Access to Justice Act ("EAJA") and costs under 28 U.S.C. § 1920. Doc. 35.[1]

A Notice of Change of Benefits Letter received on May 15, 2023 indicated that Galan had been found to have been disabled since November 10, 2017, and she was accordingly entitled to $131,317.00 in past due benefits, beginning May 2018. Doc. 37 at ¶ 4; Doc. 37-2 at 3. One-fourth of the past due benefits for Galan are $32,829.25. Doc. 37 at ¶ 5. The Social Security Administration gave notice to Galan that it was withholding $13,595.00 for the express purpose of paying attorney's fees. Doc. 37-2 at 4.

Olinksy spent 27.7 hours on the case between December 5, 2018 and September 29, 2019.[2] Doc. 25-2 at 4. Galan filed the instant motion for $13,595 in attorney's fees on May 19, 2023. Doc. 36. The Commissioner has no objection to the fee request. Doc. 42.

---

[1] While the stipulation lists $5,000 in attorney's fees, $23.00 of that amount was for expenses (for the certified mailing related to service of process). Thus, the attorney's fees awarded amount to $4,977.00. Doc. 37 ¶ 2; *see also* Doc. 30 ¶ 11.

[2] Of this time, 20.7 hours were attorney time and 7.0 hours were paralegal time. Doc. 37 ¶ 10.

II.   **LEGAL STANDARD**

The Social Security Act provides that "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. § 406(b)(1)(A). A contingency fee agreement is the "primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht v. Barnhart,* 535 U.S. 789, 807 (2002). Because a successful Social Security claimant evaluates and pays his own attorney, "a court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case." *Wells v. Sullivan,* 907 F.2d 367, 371 (2d Cir. 1990). Thus, "§ 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases," with the one limit that "[a]greements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past due benefits." *Gisbrecht,* 535 U.S. at 807.

To assess the reasonableness of a contingency fee, a court must first "'determine whether the contingency percentage is within the 25% cap' and . . . 'whether there has been fraud or overreaching in making the agreement.'" *Fields v. Kijakazi*, 24 F.4th 845, 853 (2d Cir. 2022) (quoting *Wells*, 907 F.2d at 372). A court then must consider the following factors to determine the reasonableness of a requested award: (1) whether the requested fee is out of line with the "character of the representation and the results the representative achieved;" (2) whether "the attorney is responsible for delay, lest the attorney profit from the accumulation of benefits during a delay that the attorney caused;" and (3) "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, the so-called windfall factor." *Id.* (alteration in original) (quoting *Gisbrecht*, 535 U.S. at 808 (internal quotation marks omitted)) .

3

To evaluate whether an award constitutes a windfall, the Court considers: (1) "the ability and expertise of the lawyers," (2) "the nature and length of the professional relationship with the claimant," (3) "the satisfaction of the disabled claimant," and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Id.* at 854–55.

### III.   DISCUSSION

Pursuant to 42 U.S.C. § 406(b), Olinksy seeks $13,595.00 in attorney's fees, *i.e.* less than 25% of Galan's award of past due benefits. Doc. 37 ¶ 5. The Court finds that the fee sought is reasonable.

Olinsky's requested fees are within the limit of the 25% cap for reasonable attorney's fees under 42 U.S.C. § 406(b). 42 U.S.C. § 406(b)(1)(A). Moreover, no one has submitted any evidence suggesting either fraud or overreaching in Olinsky's dealings with Galan. *See, e.g., Hennelly v. Kijakazi,* No. 20 Civ. 4786 (JGK), 2023 WL 3816961 at *2 (S.D.N.Y. June 5, 2023) (finding that absence of evidence of fraud or overreach is sufficient to satisfy this threshold inquiry); *Casiano v. Kijakazi,* No. 19 Civ. 9732 (JGK), 2023 WL 3760941 at *2 (S.D.N.Y. June 1, 2023) (same). Therefore, the Court evaluates the reasonableness of the award based on the factors set forth in *Gisbrecht*. *Fields*, 24 F.4th at 853 (quoting *Gisbrecht*, 535 U.S. at 808).

The first factor considers whether the requested fee is out of line with the character of the representation and the results achieved. *Id.* The Court may reduce fees if the representation is found to have been substandard. *Id.* Here, neither Galan nor the Commissioner voiced any dissatisfaction with Olinsky's representation and Galan prevailed in her claim for benefits. The second factor considers whether the attorney was responsible for any delay in the proceedings. *Fields*, 24 F.4th at 853. A fee will be unreasonable if the attorney deliberately slowed proceedings to inflate his fees. *Id.* Here, no one has claimed, nor does any evidence suggest, that Olinsky is responsible for any delay in the proceedings.

The final factor analyzes whether Olinsky's requested award constitutes a windfall. *Id.* at 854–55. A windfall is a fee of a size not commensurate with the service provided. *See id.* at 854. This is not the same as finding a high de facto hourly rate, as awards that would constitute hourly rates of over a thousand dollars have been found to be reasonable in the past. *See, e.g., Hennelly v. Kijakazi,* No. 20 Civ. 4786 (JGK), 2023 WL 3816961 at *2 (S.D.N.Y. June 5, 2023).

In this regard, Olinksy has stated that "given the contingent nature of the representation, the contract between [Galan] and [Olinsky], and the absence of any reasons the award would be unjust" it is not a windfall. Doc. 37 ¶ 12. While Olinsky has not presented evidence showing his relevant experience and expertise in disability cases, he spent 20.7 hours working on Galan's case at the federal level, and in that time reviewed the 485-page administrative record, drafted a detailed 24-page memorandum of law, and successfully negotiated a stipulated remand with the government lawyers. *See* Doc. 30-4, Ledger of attorney time spent on Galan case; *see also Fields* at 854.

Second, the nature and length of Olinksy's professional association with Galan has now been considerable, as Olinsky has handled the case since filing it in December of 2020. Doc. 1. *See also Casiano v. Kijakazi,* No. 19 Civ. 9732 (JGK), 2023 WL 3760941 at *3 (S.D.N.Y. June 1, 2023) (illustrating the standard for counsel's professional association with a case that took place over a similar period of time). Third, Galan has made no objection to the award or given any indication of dissatisfaction with Olinsky. *See id.* at *3 (analyzing the third *Fields* factor with reference to a case where there was also no evidence to suggest the plaintiff was dissatisfied and that being considered sufficient evidence). Fourth, the outcome of the case was very uncertain when Olinsky became involved considering that Galan's application for benefits had been denied twice by the Social Security Administration, denied again by an ALJ, and her petition for appeal of the ALJ's decision was also denied. Doc. 13 at 17, 87, 27, 5; *see also id.* at *3. (assessing uncertainty of resolution through the prior history of a case with multiple

denials preceded the attorney taking on the case). Therefore, under *Fields*, Olinsky's claim for an award of $13,595.00 is not a windfall. Accordingly, the attorney's fees Olinsky seeks are reasonable, and his application is granted.

Olinsky has already been awarded attorney's fees under the EAJA in the amount of $4,977.00. Doc. 23. When plaintiff's counsel is awarded fees under both the EAJA and § 406(b) for the same work, the Court has ruled that counsel must "refund to the claimant the amount of the smaller fee." *Gisbrecht,* 535 U.S. at 796 (quoting Act of Aug. 5, 1985, Pub. L. 99-80, § 3, 99 Stat. 186). Accordingly, Berger must refund $4,977.00 to Galan.

### IV. CONCLUSION

For the foregoing reasons, the motion for attorney's fees in the amount of $13,595.00 is GRANTED. Upon receipt of this sum, counsel for Plaintiff shall refund the previously awarded $4,977.00 in attorney's fees, under the EAJA, directly to Galan.

The Clerk of Court is respectfully directed to terminate the motion, Doc. 36.

It is SO ORDERED.

Dated: July 10, 2023
New York, New York

EDGARDO RAMOS, U.S.D.J.